IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARWIN O. ARGUETA | |
| KAREN N. ARIKPO | |
| GREGORY S. ARRINGTON | |
| OTHNEIL J. BLAGROVE | |
| TANYA E. BUTLER | |
| MICHALL J. CASHMAN III | |
| JONATHAN S. CHEN | |
| EMMANUEL E. COPELAND | |
| NELSON R. DURHAM V | |
| JUSTING A. JUG | Civil Action No. _____ |
| NICHOLAS A. KING | **COMPLAINT** |
| MICHAEL S. MULDROW | |
| HIRAM ROSARIO | |
| FREDIE L. SCOTT II | |
| SHAWN J. SPARKS | |
| MARK C. TATE | |
| ONASIS ULLOA | |
| CANDICE D. WILKES | |
| Plaintiffs[1], | |
| vs. | |

---

[1] Given the requirements of Local Civil Rule 5.1(c)(1), and the dangers inherent in the nature of Plaintiffs' jobs as police officers, police sergeants and detectives, Plaintiffs will file a Motion for Leave to File Plaintiffs' Address Information Under Seal within 30 days of the date of filing this Complaint.

| | |
|---|---|
| THE DISTRICT OF COLUMBIA<br><br>Serve: Office of Mayor Muriel Bowser<br>       1350 Pennsylvania Ave. NW<br>       Washington, DC 20004<br><br>Serve: Attorney General Karl Racine<br>       441 4th St. NW<br>       Suite 1100 South<br>       Washington, DC 20001<br><br>and<br><br>METROPOLITAN POLICE DEPARTMENT<br>300 Indiana Ave. NW<br>Room 5059<br>Washington, DC 20001<br><br>            Defendants | |

## COMPLAINT

1. Plaintiffs are or were employees of Defendants District of Columbia and the Metropolitan Police Department ("MPD") employed as police officers, detectives and/or sergeants employed by the MPD. Plaintiffs bring this action on behalf of themselves and all others similarly situated for a declaratory judgment, backpay and other relief pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq*., to remedy the Defendants' willful and unlawful violations of federal law complained of herein.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue lies within this District pursuant to 28 U.S.C. § 1391.

## PARTIES

4. At all times relevant, Plaintiffs are or were employed as police officers, detectives and/or sergeants by the District of Columbia Metropolitan Police Department ("MPD"). Plaintiffs have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). These written consent forms are attached hereto as Exhibit A.

5. At all times relevant, each of the Plaintiffs in this action has been an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).

6. Defendant District of Columbia is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(x) and § 203(d). The District of Columbia has a principal office and place of business at 1350 Pennsylvania Avenue NW, Washington, DC 20004.

7. Defendant Metropolitan Police Department is an administrative division of the District of Columbia and is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a "public agency" within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). The MPD has a principal office and place of business at 300 Indiana Avenue NW, Washington, DC 20001.

## FACTS

8. On March 11, 2020, Mayor of the District of Columbia Muriel Bowser issued Mayor's Order 2020-045 and Mayor's Order 2020-046, which declared a Public Emergency and Public Health Emergency in the District of Columbia due to the ongoing and worldwide spread of the novel coronavirus, COVID-19.

9. The Public Emergency and Public Health Emergency has been extended numerous times since March 11, 2020, most recently on July 22, 2020, through the issuance of Mayor's Order 2020-079. The Public Health Emergency continued to be extended on multiple occasions, finally ending on July 24, 2021, through the issuance of Mayor's Order 2021-096, although the District continued to extend the Public Emergency and a limited public health emergency in the months following.

10. On April 14, 2020, Mayor Bowser announced in an email to all District of Columbia employees that she had authorized a $14 per diem premium payment for employees who are physically required to report to work to fulfill their official job duties for the duration of the COVID-19 Public Health Emergency. MPD employees, including the Plaintiffs, were at all times material eligible for this per diem hazard pay payment.

11. The District of Columbia and the MPD began providing hazard pay to employees in their regular pay checks on April 20, 2020. Defendants provided eligible employees with this $14 per diem hazard pay in their regular paychecks until approximately August 15, 2020. Hazard pay was also provided retroactive from April 20, 2020, to March 16, 2020. The daily hazard payments were accumulated and paid in Plaintiffs' paychecks, which are received on a biweekly basis.

12. During the time period from March 16, 2020, until August 15, 2020, Plaintiffs physically reported to work to perform their official job duties as MPD police officers, detectives and/or sergeants. As a result, Plaintiffs were eligible for and have received the $14 per diem hazard pay authorized by Mayor Bowser.

13. Consistent with Section 7(k) of the Fair Labor Standards Act, and as set forth in the collective bargaining agreement between the District of Columbia, the MPD and the D.C. Police

Union, Plaintiffs are entitled, at a minimum, to overtime compensation equal to one and one-half times their regular rate of pay for all hours worked in excess of 171 in a 28-day work period.

14. During the time period from March 16, 2020, through August 15, 2020, Plaintiffs regularly worked hours in excess of 171 hours in a 28-day period and were paid overtime compensation for these hours, albeit at a reduced rate that fails to include in its calculation the hazard pay that Plaintiffs have received. The overtime compensation paid to Plaintiffs was not equal to one and one-half times the Plaintiffs' regular rates of pay because their regular rates of pay did not take into account the $14 per diem hazard pay provided by Defendants District of Columbia and MPD.

15. Plaintiffs' hours of work from March 16, 2020, through August 15, 2020, as well as the overtime compensation and hazard pay payments that Plaintiffs received during that time period, are recorded in the MPD and/or the District of Columbia's timekeeping and payroll systems.

16. On April 17, 2020, the Chairman of the D.C. Police Union sent an email to Mark Viehmeyer, Acting Director for the Metropolitan Police Department's Employee Relations Unit, with a number of questions regarding the Mayor's hazard pay announcement and explaining that federal law, and more specifically, the Fair Labor Standards Act, requires that the District of Columbia must include the hazard payments in the calculation of the rate at which it pays officers overtime pay.

17. On July 29, 2020, the Vice Chairman and Treasurer of the D.C. Police Union met with representatives of the MPD to discuss the Mayor's April 14, 2020, announcement regarding hazard pay. During this meeting, representatives of the MPD confirmed that the District would not be including hazard pay in the calculation of MPD employees' overtime rate of pay.

18. On July 31, 2020, the D.C. Police Union sent the MPD a letter that specifically explained that under Sections 7(a), (k) and (e) of the Fair Labor Standards Act and its implementing regulations, premium payments made for hazardous work, such as the daily hazard payments made to Plaintiffs, must be included in employees' regular rate of pay. The letter also explained that failing to include the COVID-19 hazard pay in employees' regular rate of pay has the effect of decreasing the employees' overtime rate of pay, and demanded that the District of Columbia provide backpay to eligible employees equal to any unpaid overtime compensation owed as a result of the hazard pay premium payments.

19. Despite the District of Columbia and the MPD being repeatedly informed of its obligation that hazard pay must be included in the Plaintiffs' regular rates of pay for purposes of calculating overtime, the District of Columbia and MPD have failed to include hazard pay in calculating the Plaintiffs' regular rates of pay. Defendants District of Columbia and MPD have also failed to provide backpay to Plaintiffs for any unpaid overtime compensation owed based on the District's and MPD's failure to include hazard pay in the regular rate calculation.

## COUNT I

**FAILURE TO PROPERLY CALCULATE THE PLAINTIFFS' REGULAR RATE OF PAY IN VIOLATION OF SECTION 7 OF THE FAIR LABOR STANDARDS ACT**

20. Plaintiffs incorporate by reference Paragraphs 1 through 19 and restate them herein.

21. Sections 207(a) and (k) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq*., require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions. This includes "such extra premiums as nigh shift differentials…and premiums paid for hazardous, arduous, or dirty work." 29 C.F.R. § 778.207(b).

22. Defendants District of Columbia and MPD have failed to include hazard pay premium payments in the regular rates of pay for Plaintiffs and all other similarly situated employees for purposes of computing overtime pay entitlements. Defendants' failure to include hazard pay in the regular rates of pay for Plaintiffs and all others similarly situated employees violates sections 7(a) and 7(k) of the FLSA. 29 U.S.C. § 207(a), (k); 29 C.F.R. § 778.207(b). The failure to include hazard pay in the regular rate of pay for Plaintiffs and all others similarly situated employees means that when Plaintiffs and all others similarly situated employees receive paid overtime for working in excess of the applicable overtime threshold, they are paid at a rate that is below the overtime rate mandated by the FLSA.

23. Defendants' violations of the FLSA as alleged herein have been done in an intentional, willful, and bad faith manner.

24. As a result of the Defendants' continuing, willful, and purposeful violations of the FLSA, there have become due and owing to the Plaintiffs and all other similarly situated employees an amount that has not yet been precisely determined. The employment and work records of Plaintiffs and all others similarly situated employees that reflect such ongoing FLSA violations are in the exclusive possession, custody and control of Defendant District of Columbia and its public agencies, including MPD, so the Plaintiffs are unable to state at this time the exact amount owing to them. The Defendants are under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the Plaintiffs and all others similarly situated from which the amount of Defendants' liability can be ascertained.

25. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all other similarly situated employees are entitled to recover backpay as well as liquidated damages in an amount equal to their backpay

damages for the Defendants' failure to properly calculate the regular rate of pay and provide proper overtime compensation.

26. Plaintiffs and all others similarly situated employees are entitled to recover reasonable attorneys' fees and costs under 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request that this Court enter each of the following forms of relief:

(a) Enter judgment declaring that Defendants District of Columbia and Metropolitan Police Department have willfully and wrongfully violated its statutory obligations to Plaintiffs and all other similarly situated employees, and deprived the Plaintiffs and all other similarly situated employees of his and her rights under the FLSA;

(b) Order a complete and accurate accounting of all the compensation to which the Plaintiffs and all others similarly situated are entitled;

(c) Award Plaintiffs and all other similarly situated employees backpay and monetary liquidated damages equal to their unpaid compensation;

(d) Award Plaintiffs and all others similarly situated interest on their unpaid compensation;

(e) Award Plaintiffs and all other similarly situated employees their reasonable attorneys' fees to be paid by the Defendants, as well as the costs and disbursements of this action; and

(f) Grant such other relief as may be just and proper.

Respectfully submitted,

*/s/ Gregory K. McGillivary*
Gregory K. McGillivary (D.C. Bar No. 411029)
Sarah M. Block (D.C. Bar No. 1026577)
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
Facsimile: (202) 452-1090
gkm@mselaborlaw.com
smb@mselaborlaw.com